**Electronically Filed
Supreme Court
SCRQ-24-0000602
10-FEB-2025
09:09 AM
Dkt. 192 ORD**

SCRQ-24-0000602

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

IN THE MATTER OF THE PETITION FOR THE COORDINATION
OF MAUI FIRE CASES.

---

RESERVED QUESTIONS FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CSP-23-0000057)

ORDER
(By: Recktenwald, C.J., McKenna, Eddins, and Ginoza, JJ.,
and Circuit Judge Morikone, in place of Devens, J., recused)

The Circuit Court of the Second Circuit reserved three questions to this court. Upon consideration of the appellate briefing, the record, and oral argument,

IT IS HEREBY ORDERED that the reserved questions are answered as follows:

Question 1:

Does the holding of Yukumoto v. Tawarahara, 140 Hawaiʻi 285, 400 P.3d 486 (2017), that limited the subrogation remedies available to health insurers to reimbursement from their insureds under HRS § 663-10 and barred independent actions against tortfeasors who settled with the insureds extend to property and casualty insurance carriers?

Question 1 is answered in the affirmative. Our opinion in <u>Yukumoto v. Tawarahara</u>, 140 Hawaiʻi 285, 400 P.3d 486 (2017), extends to property and casualty insurers such that, under Hawaiʻi Revised Statutes (HRS) § 431:13-103(a)(10)(A), the lien provided for under HRS § 663-10(a) is the exclusive remedy for a property and casualty insurer to recover claims paid for damages caused by a third-party tortfeasor in the context of a tort settlement between an insured and the tortfeasor.

<u>Question 2</u>:

Is a property and casualty insurer's subrogation right of reimbursement prejudiced by its insured's release of any tortfeasor when the settlement documents and release preserve those same rights under HRS § 663-10?

Because the statutory lien under HRS § 663-10 is the exclusive remedy for a property and casualty insurer in the context of a tort settlement, Question 2 is answered in the negative.

<u>Question 3</u>:

Under the circumstances of the Maui Fire Cases and the terms of the "Global Settlement," does the law of the State of Hawaiʻi require that insureds be made whole for all claimed injuries or damages before their insurers can pursue a subrogation right of recovery or reimbursement against a third-party tortfeasor?

Question 3 is answered in the negative. Under the circumstances of this mass tort case, we decline to apply the made whole doctrine to the statutory lien-claim process established by HRS §§ 431:13-103(a)(10) and 663-10.

2

IT IS FURTHER ORDERED that this case is remanded to the circuit court for such other and further proceedings as may be appropriate consistent with this order.

We retain concurrent jurisdiction to enter an opinion and judgment that will follow.

DATED: Honolulu, Hawaiʻi, February 10, 2025.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Kevin T. Morikone

